M. SMITH, Circuit Judge,
dissenting:
I agree with the majority that DePrins filed a proper motion to correct a clerical error under Rule 60(a). I disagree, however, that we may resolve the motion on the merits, and I dissent from this portion of the majority’s decision.
In granting summary judgment in favor of Clark, the district court dismissed the action in its entirety, including claims *612 against two defendants who did not move for summary judgment. DePrins missed the 30-day deadline to appeal from the district court’s judgment. See Fed. R.App. P. 4(a)(1). DePrins also missed the 28-day deadline to file a motion to alter or amend the judgment under Rule 59(e). Having missed these deadlines, DePrins filed a motion under Rule 60(a)— which has no time limit — requesting clarification that the district court’s order did not intend to dismiss those defendants who did not move for summary judgment. The district court read the motion as an improperly styled Rule 59(e) motion and denied it as untimely. DePrins appeals only from the denial of this motion.
After concluding that the district court improperly denied DePrins’ motion under Rule 59(e), the majority goes on to resolve the motion on the merits, and concludes that the court erred when it dismissed the claims against those defendants who did not move for summary judgment. But a motion under Rule 60(a) only allows for “clarification and explanation, consistent with the intent of the original judgment.” Garamendi v. Henin, 683 F.3d 1069, 1079 (9th Cir.2012). This is true even where the court later realizes that it erred in its original judgment. Id. at 1080 (“[the Rule] does not allow a court to make corrections that, under the guise of mere clarification, reflect a new and subsequent intent because it perceives its original judgment to be incorrect” (internal quotation marks omitted)).
Accordingly, regardless of whether the court erred in its original judgment, we must remand for the district court to determine whether the clarification that DePrins now seeks is consistent with the judgment’s intent. In my view, any other conclusion creates an end-run around the 30-day period in which a litigant may file an appeal, and allows parties to challenge the merits of a judgment, at any time, by simply seeking clarification under Rule 60(a). Cf. Bowles v. Russell, 551 U.S. 205, 209, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) (“the taking of an appeal within the prescribed time is ‘mandatory and jurisdictional’ ”).
For the foregoing reasons, I respectfully dissent.